UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAM STATHIS, a/k/a Sotirios H. Stathopoulos,

                      Plaintiff,

        -against-

NAKEI THOMAS WAYNE, a/k/a Nick Thomas, a/k/a Nick Wayne, a/k/a Nick Thomas Wayne, a/k/a Thomas Wayne, a/k/a Nakei McMoore, and ECOBANK TRANSNATIONAL, INC., d/b/a Ecobank of Ghana,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-1206 (KAM) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Sam Stathis ("Plaintiff"), by and through his attorney at Brach Eichler, LLC, initiated this case by filing a complaint on March 4, 2022, seeking, among other things, damages arising from Defendants' alleged conversion and fraud related to Plaintiff's $500,000 deposit. (*See* Complaint, ECF No. 1.) Summons were issued on April 11, 2022. (*See* Summons, ECF No. 7.) On June 7, 2022, more than 90 days after Plaintiff initiated this lawsuit, the undersigned United States Magistrate Judge entered an order advising Plaintiff that Federal Rule of Civil Procedure 4(m) requires him "to serve Defendant Nakei Thomas Wayne with the summons and a copy of the complaint within 90 days of the filing of the complaint." (June 7, 2022 ECF Order.)[1]

---

[1] Because Defendant EcoBank Transnational, Inc. appears to be based in Ghana (*see* ECF No. 7-1, at 1), service is not governed by Rule 4(m). *See* Fed. R. Civ. P. 4(m) (noting that "[t]his subdivision (m) does not apply to service in a foreign country"). However, the exception for service in a foreign country does not apply if a plaintiff does not attempt service, and in such cases, courts apply a "flexible due diligence standard to determine whether service of process was timely." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 123 (S.D.N.Y. 2020).

In addition, the Court's June 7, 2022 Order directed Plaintiff to file proof of service or a status report by June 21, 2022. (*Id.*) Thereafter, on June 22, 2022, the Court again directed Plaintiff "to file proof of service or to show good cause why such service has not been effected," extending the time to do so until July 1, 2022. (June 22, 2022 ECF Order.) On July 6, 2022, after Plaintiff again failed to meet the Court's deadline, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed for failure to serve Defendants within 90 days of filing the complaint, and directing Plaintiff to respond by July 15, 2022. (July 6, 2022 ECF Order.) The Court expressly advised Plaintiff that failure to comply with the Court's Order will result in this Court's recommendation that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*) On July 22, 2022, the Court issued a final order giving Plaintiff one last chance to comply with the Court's prior orders and to file proof of service by August 19, 2022. (*See* July 22, 2022 Order, ECF No. 8.) The undersigned once again warned that: "Unless Plaintiff files proof of service or shows good cause for his failure to serve the summons and complaint by August 19, 2022, this Court will recommend that the case be dismissed without prejudice." (*Id.* at 3.) However, to date, Plaintiff has failed to comply with the Court's July 22, 2022 Order or its previous orders.

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Rule 4(m) does not apply with respect to Defendant EcoBank Transnational, Inc. (*see supra* note 1), plaintiffs are required to make at least some effort to serve a foreign-based defendant. *See, e.g.*, *ABL Venture Cap., LLC v. Shmukler*, No. 13-CV-3185 (RRM) (LB), 2019 WL 5694061, at *2 n.3 (E.D.N.Y. Aug. 20, 2019), *report and*

*recommendation adopted*, No. 13-CV-3185 (RRM) (LB), 2020 WL 7021647 (E.D.N.Y. Nov. 30, 2020). In addition, Federal Rule of Civil Procedure 16(f) states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Here, as noted above, Plaintiff has failed to comply with the Court's orders directing Plaintiff to either file proof of service or a status report advising the Court as to the progress on service. Accordingly, for the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See, e.g.*, *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161935, at *6 (E.D.N.Y. May 20, 2022), *report and recommendation adopted*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161384 (E.D.N.Y. June 15, 2022).

*   *   *   *   *

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: August 23, 2022
Brooklyn, New York

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

4